82,092-01

Date - Dec. 18, 2015

Re; Request for trial record
    from court appointed counsel

Dear Court of Criminal Appeals Clerk;
Im having problems with my court appointed appeal counsel.
He will not respond.  I need to get a copy of my record from
him while he has it/perfecting my appeal.  Dallas attorneys
seem to be preoccupied with judicial economy, rather than
the appellant's best interests.  Please be so kind as to
file this notification/complaint before I end up in your
court with no trial record.  Im told by other inmates what
they're doing is simply not responding tp appellant's until
they have turned the record back in to the clerk and saying
too bad, so sad, you're out of luck Mr Indigent Inmate, I've
already turned the record back in.  This is not very good
business, and certainly unfair to appellant's like me who
have no way what so ever to buy a copy of the record later.
And as you well know, I have no right to a free copy of the
record for filing a PDR, 11.07, or 2254.  If you happen to
have any authority over attorneys that are playing this game
would you mind dropping mine a brief email and let him know
that you'all know what's going on in Dallas County.  Thank
you very much Ms/Sir.

                              Respectfully; Santana Gaona

                              TDCJ. No 1994412

Ferguson Unit
12120 Savage Dr
Midway, Tx. 75852

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 23 2015

Abel Acosta, Clerk

Date - Dec. 18, 2015

Re; Cause No. F-11-61227
Representation & Records

Dear Mr. Henrichs;

It has been over (Thirty Days) since I requested confirmation as to whether you are representing me on direct appeal. Your failure to respond has not only left me totally "clueless" as to the status of my representation, but your absolute failure to acknowledge my timely request for a copy of my records has unnecessarily invited significant anxiety. I am aware of the odds of prevailing on direct appeal. I am further aware that I have no right to a copy of my trial records for compiling a petition for discretionary review based on "indigence" should my direct appeal be affirmed. In sum, my only way to obtain an indigent copy of my record[s] is during the period you are perfecting my appeal. The Court of Criminal Appeals makes it quite clear in; Exparte Trainer, 181 sw 3d 358 (T.C.A. 2005). Texas Rule of Appellate Procedure § 20.2 deals with indigents request for a free copy of their trial records. This rule is designed to provide an indigent copy of the trial records and the court reporter be paid out of the general funds, provided a request for the records is; "within the time for perfecting the appeal" and the trial court determines that the appellant is indeed indigent. Please be so kind as to forward my trial records at your earliest convenience that I may "participate" in the direct appeal process. Thank you very much in advance for your professionalism in this matter.

Respectfully; Santana Gaona

TDCJ. No. 1994412

Ferguson Unit
12120 Savage Dr.
Midway, Tx. 75852

cc; Judge B. Birmingham - 292nd. Jud. Dist. Ct.
    Court of Criminal Appeals at Austin
    Dallas County Clerk
    File

Date – Nov. 13, 2015

Re; Trial Records
    Cause No. F-11-61227

Dear Mr. Russ Henrichs;

I have yet to receive confirmation from you that you have inn fact been appointed by the trial court to represent me in my direct appeal. Please be so kind as to (affirm) the same as soon as possible. I would also request at this point a copy of my trial records; (a full transcript including voir dire, all testimony in guilt-innocence and punishment, and closing arguments in guilt-innocence, and punishment). This request would also include the clerk's records. My understanding of appellate law at this point leads me to believe that counsel should provide a single indigent copy of the records if they are (timely) requested; (during the course of perfecting the appeal). I would make one last request. Please, be so kind as to send my "personal file" in your possession. Again, it is my understanding of the rules and guidelines of the Texas State Bar and A.B.A. at this point which leads me to believe that counsel should provide the aforesaid "personal file[s]" if they are (timely) requested; (for a period of "six" years after the date of conviction). Thank you very much.

Respectfully;  *Santana Gaona*
                Santana Gaona
         TDCJ. 1994412

cc; Dallas County Clerk
    File

Ferguson Unit
12120 Savage Dr.
Midway, Tx. 75852

Santana Gaona - TDCJ 1994412
Ferguson Unit = 12120 Savage Dr.
Midway, Tx. 75852

NORTH TEXAS TX P&DC
DALLAS TX 750
21 DEC 2015 PM 5 L

Happy
Holid



Texas Court of Criminal Appeäls
(Post conviction Appellate Div)
po box 12308 Capital Station
Austin, Tx. 78711

7871123O8O8